GARRISON *et al.* v. TILLINGHAST.    No. 2.

THE rule laid down in *Garrison* v. *Tillinghast,* No. 1, and *Brumagim* v. *Tillinghast, infra,* as to what constitutes such an involuntary payment as that it may be recovered back, applied to money paid for a license as passenger broker under the act of March 25th, 1857, and affirmed.

APPEAL from the Twelfth District.

There is no need of any statement of facts, further than that the averments of the complaint are similar to those in the preceding case—plaintiffs relying upon the existence of the Act of March 25th, 1857, (Stat. 1857, 95) as amounting to compulsion or coercion upon them in procuring their license as passenger brokers. The first section of the act is as follows: "Each and every person, whether as agent or otherwise, who within this State shall sell tickets of passage, or make and enter into any agreement, contract or memorandum of a contract or agreement, to sell tickets of passage for the transportation, by any means whatever, on the ocean, in whole or in part, of any person or persons, from any place in this State to a place or point out of the limits thereof, or from any place or point out of this State, by land or water, or both, to any other place also out of the limits thereof, shall be deemed and held, for the purposes of this act, to be a passenger broker, and shall be previously licensed as such, in the manner and mode as hereinafter provided." By subsequent sections the license is fixed at one per

cent. on the gross monthly sales from a broker's business, and a penalty is affixed for neglecting to take out the license.

Defendant filed a general demurrer to the complaint, and the demurrer being sustained and final judgment entered for defendant, plaintiffs appeal.

*Crockett & Crittenden,* for Appellants.

*C. Temple Emmet,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action to recover of the defendant, who was formerly Treasurer of the city and county of San Francisco, certain moneys paid to him by the plaintiffs for a license as passenger brokers, under the Act of March 25th, 1857. The plaintiffs base their claim upon the alleged unconstitutionality of the act in question, and the alleged compulsory character of the payments made by them. It is unnecessary to consider the constitutionality of the act, for, in our judgment, the complaint does not show that the payments were the result of any compulsion or coercion on the part of the defendant. The case is covered by the decision recently rendered in a case bearing the same title, and also in the case of *Brumagim* v. *Tillinghast.*

Judgment affirmed.